IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FRANK TALMO | * | |
| | * | |
| v. | * | Civil Case No. ELH-14-2214 |
| | * | |
| COMMISSIONER, SOCIAL SECURITY | * | |
| | * | |

************

REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014–01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered the parties' cross-motions for summary judgment, and the Commissioner's supplemental brief in support of her motion. [ECF Nos. 19, 20, 22]. I find that no hearing is necessary. Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). For the reasons set forth below, I recommend that that the Court deny both motions, reverse the decision of the Commissioner in part, and remand the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

Mr. Talmo filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on September 23, 2009. (Tr. 102-03, 264-77). His applications were denied initially and on reconsideration. (Tr. 135-46). An Administrative Law Judge ("ALJ") held a hearing on September 26, 2011, at which Mr. Talmo was represented by counsel. (Tr. 66-101). Following the hearing, the ALJ determined that Mr. Talmo was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 106-28). The Appeals

Council ("AC") remanded Mr. Talmo's case for further consideration. (Tr. 129-32). A second hearing was held on September 26, 2013, before the same ALJ, at which Mr. Talmo was represented by the same counsel. (Tr. 36-65). Following the second hearing, the ALJ again determined that Mr. Talmo was not disabled during the relevant time frame. (Tr. 12-35). The AC denied Mr. Talmo's request for review of the second hearing decision, (Tr. 6-11), so that decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Talmo suffered from the severe impairments of osteoarthritis and allied disorders including left elbow bursitis, bilateral knee osteoarthritis, degenerative disc disease of the lumbar spine, bilateral carpal tunnel syndrome, obesity, and bipolar disorder. (Tr. 17). Despite these impairments, the ALJ determined that Mr. Talmo retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). He can stand and/or walk 3 or more hours but less than 6 hours; he can sit 6 hours in a given work day. He should be afforded a sit/stand option at his workstation. He can stoop, crouch, crawl, squat, kneel, balance, and climb stairs only occasionally. The use of either hand is limited to occasional, to accommodate his carpal tunnel syndrome. His work should not require him to be exposed to concentrations of cold, dust fumes, gases, or vibrations. Based on his testimony regarding limitations in social functioning and concentration, and with his medications, he is limited to SVP2 (entry level) or SVP 3 (semiskilled) work. However, he retains the capacity to concentrate and pay attention, perform within a schedule, produce an adequate amount of work, and limit breaks to times permitted, with some extra effort on his part, and he retains the capacity to perform adequately in these respects. He may experience some difficulty in interfacing with a supervisor, but with some extra effort, he can do this. To limit social stress factors on the job, his work should not require more than occasional contact with the general public.

(Tr. 19-20). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Talmo could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 25-26).

I.  **FUNCTIONAL LIMITATIONS BASED ON MR. TALMO'S DIFFICULTIES IN CONCENTRATION, PERSISTENCE, OR PACE**

On July 10, 2014, Mr. Talmo petitioned this Court to review the Social Security Administration's final decision to deny his claims. Mr. Talmo filed a Motion for Judgment on the Pleadings on November 26, 2014, and the Commissioner filed a Motion for Summary Judgment on February 9, 2015. On March 18, 2015, the United States Court of Appeals for the Fourth Circuit issued a published opinion in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), a Social Security appeal from the Eastern District of North Carolina. The Fourth Circuit determined that remand was appropriate in *Mascio* for three distinct reasons, one of which appeared relevant to the analysis of this case. Accordingly, on March 24, 2014, the Court afforded the Commissioner an additional 30 days to file a brief addressing the apparent *Mascio* issue. [ECF No. 22].

Pertinent to this case, the Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE – and the corresponding RFC assessment – did not include any mental limitations other than unskilled work,[1] despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. *Mascio*, 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating

---

[1] In *Mascio*, the hypothetical the ALJ posed to the VE did not actually limit the claimant to unskilled work, and thus did not match the ALJ's RFC assessment. However, the VE indicated that all of the jobs cited in response to the hypothetical involved "unskilled work" such that, in effect, the hypothetical matched the ALJ's RFC assessment.

that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

In this case, at step three of the sequential evaluation, the ALJ determined that, "with regard to concentration, persistence or pace," Mr. Talmo has "moderate difficulties." (Tr. 19). However, like in *Mascio*, neither the ALJ's RFC assessment nor the hypothetical she posed to the VE included any mental limitations that accounted for Mr. Talmo's difficulties in concentration, persistence, or pace. (Tr. 19-20, 60). Accordingly, unless the ALJ adequately explained why Mr. Talmo's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in his RFC, I must recommend that the Court remand the case to the Commissioner for further analysis consistent with the Fourth Circuit's mandate in *Mascio*.

In her supplemental brief on the issue, the Commissioner contends that "the ALJ addressed Mr. Talmo's ability to stay on task," such that *Mascio* does not warrant remand. Def.'s Supplemental Br. 2. In support of her argument, the Commissioner points to the ALJ's statement that Mr. Talmo "retains the capacity to concentrate and pay attention, perform within a schedule, produce an adequate amount of work, and limit breaks to times permitted." (Tr. 19). Absent from the ALJ's opinion, however, was any evidentiary support for her conclusions regarding Mr. Talmo's ability to perform tasks related to concentration, persistence, and pace. The Commissioner claims that the ALJ's reference to treatment notes documenting intact

attention, concentration, and memory constituted adequate support for her conclusions.[2] However, the issue in this case is not whether the record contains evidence that might support the ALJ's conclusions; it is whether the ALJ explained the apparent discrepancy between her step three finding and her RFC assessment. The ALJ did not connect the treatment notes cited by the Commissioner to that discrepancy, and I am unwilling to infer such a connection. Pursuant to *Mascio*, once an ALJ has made a step three finding that a claimant suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in her RFC assessment, or explain why no such limitation is necessary. In this case, the ALJ did neither, and I thus recommend that the Court remand the case to the Commissioner for further consideration. In so recommending, I express no opinion as to whether the ALJ's ultimate decision that Mr. Talmo was not disabled was correct or incorrect.

## II.    ARGUMENTS RAISED BY MR. TALMO

In his Motion for Judgment on the Pleadings, Mr. Talmo raises two primary arguments. First, he contends that the ALJ erred in evaluating the medical opinion evidence. Second, he claims that the ALJ erred in assessing the credibility of his subjective complaints. Because I am recommending remand on other grounds, I need not determine whether either of Mr. Talmo's arguments merits remand standing alone. However, after reviewing the ALJ's opinion, I agree that the explanation she offered for her assignment of weight to various medical opinions is deficient. After summarizing the content of several medical opinions, the ALJ assigned the opinions "little weight" either because they were not supported by or were inconsistent with the evidence in the medical record, or because they were internally inconsistent. (Tr. 22-24).

---

[2] In support of her argument, the Commissioner also cites excerpts from a consultative examination to which the ALJ expressly assigned "little weight." Def. Supplemental Br. 3. I note that the ALJ could certainly cite a consultative examination to explain why moderate difficulties in concentration, persistence, or pace did not translate into functional limitations in a claimant's RFC. It would be particularly inappropriate in this case, however, to infer a connection between a report that the ALJ explicitly assigned "little weight," and the ALJ's decision to omit functional limitations from her RFC assessment.

However, the ALJ cited no specific evidence supporting her vague statements about the unsupportability of the opinions, nor did she refer to any evidence discussed elsewhere in her opinion. To permit meaningful review, on remand, the ALJ should identify evidence which she believes undermines a physician's opinion before assigning it "little weight."

## III. CONCLUSION

For the reasons set forth above, I respectfully recommend that:

1. the Court DENY Defendant's Motion for Summary Judgment [ECF No. 20];

2. the Court DENY Mr. Talmo's Motion for Judgment on the Pleadings [ECF No. 19];

3. the Court REVERSE IN PART, due to inadequate analysis, the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g);

4. the Court REMAND this case for further proceedings in accordance with this opinion; and

5. the Court close this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

## IV. NOTICE TO PARTIES

Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: May 19, 2015                    /s/
                                       Stephanie A. Gallagher
                                       United States Magistrate Judge