# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FRANK TALMO, | * | |
| | * | |
| Claimant, | * | |
| | * | |
| v. | * | Civil Case No. ELH-14-2214 |
| | * | |
| CAROLYN W. COLVIN, | * | |
| Acting Commissioner of Social Security, | * | |
| | * | |
| Defendant | * | |
| | ****** | |

## REPORT AND RECOMMENDATIONS

Frank Talmo has filed a petition for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $5,467.08.  (ECF No. 25).  Because Mr. Talmo did not consent to a magistrate judge for all proceedings, his request for attorney's fees has been referred to me, pursuant to Standing Order 2014-01, for review and to make recommendations under 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix).  The Commissioner opposed Mr. Talmo's petition in limited part, and requests that fees be awarded in the amount of $5,165.45.  (ECF No. 26).  For the reasons set forth below, I recommend that Mr. Talmo's Motion for Attorney's Fees be GRANTED in part and DENIED in part.

## I.     BACKGROUND

Subsequent to a denial of benefits through the administrative appeals process, Mr. Talmo petitioned this Court to review the Social Security Administration's decision to deny his claims on July 10, 2014.  (ECF No. 1).  The parties filed cross-dispositive motions and supplemental briefing.  (ECF Nos. 19, 20, 22).  This Court issued a Report and Recommendations on May 19, 2015, recommending remand to the Commissioner.  (ECF No. 23).  On June 5, 2015, United

States District Judge Ellen L. Hollander accepted the Report and Recommendations and granted remand. (ECF No. 24).

On July 6, 2015, Mr. Talmo timely filed the instant motion for attorney's fees under the EAJA. (ECF No. 25). His counsel has submitted an itemized billing statement suggesting that he is entitled to $5,467.08, representing 29.0 hours of work at the EAJA rate of $188.52 per hour, plus $400.00 in filing fees. *Id.*

## II.  ANALYSIS

Under the EAJA, prevailing parties in civil actions brought by or against the United States are entitled to an award of attorney's fees and expenses, unless the court finds the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). To receive attorney's fees, the prevailing party must submit a fee application and an itemized statement of fees to the court within thirty days of final judgment. *Id*.

Once the district court determines that a plaintiff has met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the "task of determining what fee is reasonable." *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002); (quoting *INS v. Jean*, 496 U.S. 154, 161 (1990)). Counsel "should submit evidence supporting the hours worked," and exercise "billing judgment" with respect to hours worked. *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Id.* at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (emphasis in original)). Further, the district court is accorded "substantial discretion in fixing the amount of an EAJA award," but is

charged with the duty to ensure that the final award is reasonable. *Hyatt*, 315 F.3d at 254 (quoting *Jean*, 496 U.S. at 163).

In this case, the Commissioner does not contest the hourly rate of $188.52, and does not contest most of the hours worked. The issues raised by the Commissioner are limited to two: (1) the entry for 0.8 hours for dictating a letter to the client and dictating the complaint; and (2) the entries for two separate counsel to review the dispositive motion before filing.

Regarding the first issue, "'[t]asks of a clerical nature are not compensable as attorney's fees'" *Gates v. Barnhart*, 325 F. Supp. 2d 1342, 1348 (M.D. Fla. 2002) (quoting *Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000)) (denying compensation for mailing a complaint and summons); *see also Magwood v. Astrue*, 594 F. Supp. 2d 557, 563 (E.D. Pa. 2009) (finding that clerical tasks should be excluded from the total attorney fee under the EAJA); *Chapman v. Astrue*, 2:08CV00040, 2009 WL 3764009, at *1 (W.D. Va. Nov. 9, 2009) (finding "purely clerical tasks are ordinarily a part of a law office's overhead and should not be compensated for at all"). Social Security plaintiffs in this district have access to a form complaint, with just four blank spaces requiring insertion of (1) the place plaintiff resides, (2) the plaintiff's name, (3) the type of benefits that were denied, and (4) the date of the final administrative decision. That complaint requires limited factual information, no legal work, and could be completed by administrative staff in a matter of minutes. Mr. Talmo's counsel filed a more complex four page Civil Complaint, which contains additional factual information about his case, but the additional information is the type that could be filled in by a clerical employee. (ECF No. 1). Moreover, a review of twelve of counsel's recent billing statements indicates an identical entry of 0.8 hours for preparation of the complaint, and for drafting a letter to the client. Thus, I agree with the Commissioner and recommend that the 0.8 hour entry be disallowed as clerical work.

In addition to the Commissioner's argument, I also note that counsel includes an entry for 1.3 hours for "Prepare EAJA fee petition" in each case. The EAJA fee petitions are near-identical in every case, with the exception of dates, amounts, and a single paragraph describing the outcome of the case. Given the routine nature of these documents, it is difficult to see how they would take experienced counsel significant time to prepare, particularly exactly the same amount of significant time in every case. I find that 0.5 hours is a closer approximation of the non-clerical work that goes into tailoring an EAJA fee petition for each case. Accordingly, I recommend a deduction of 0.8 hours from the time for preparation of the EAJA fee petition.

In addition, I concur with the Commissioner that the Commissioner should not have to pay for two separate experienced attorneys to review the dispositive motion before filing. Mr. Talmo is permitted to select an out-of-state attorney to pursue his appeal, but the cost of that decision should not be passed to the Commissioner by way of duplicative legal fees. *See, e.g., Gibby v. Astrue,* Civil No. 2:09cv29, 2012 WL 3155624, at *8 (W.D.N.C. Aug 2, 2012) (declining to allow *pro hac vice* fees under EAJA because they "are an expense that an attorney pays for the privilege of practicing law in a district and should not be taxed to a [defendant] simply because a [plaintiff] chooses to be represented by counsel not admitted to practice in this district."). The appropriate adjustment is simply to deduct the 0.8 hours that local counsel billed for review of the motion.

With the recommended reduction of 2.4 hours, 26.6 hours will be awarded. At $188.52 per hour, Plaintiff is entitled to an EAJA award of $5,014.63.[1] That amount is significantly above the heartland of recent EAJA fee awards in cases presenting in a similar procedural

---

[1] The Supreme Court has held that an EAJA award is payable to the litigant, not to the attorney. *See Astrue v. Ratliff,* 560 U.S. 586 (2010). Thus, the check cannot be made payable to counsel, despite Plaintiff's request.

posture. *See Bragg v. Colvin,* Civil No. SAG-15-152 (Sept. 18, 2015) (awarding fees in the amount of $2,625.00); *Flynn v. Colvin,* Civil No. SAG-15-347 (Sept. 17, 2015) (awarding fees in the amount of $1,505.00); *Hemp v. Colvin,* Civil No. SAG-14-2855 (Sept. 17, 2015) (awarding fees in the amount of $1,281.37); *Barlow v. Colvin*, Civil No. SAG-14-3532 (Sept. 16, 2015) (awarding fees in the amount of $4,023.60); *Smith v. Colvin,* Civil No. SAG-14-4030 (Sept. 3, 2015) (awarding fees in the amount of $1,435.00); *Bracey v. Colvin*, Civil No. SAG-14-3847 (Sept. 3, 2015) (awarding fees in the amount of $1,960.00).

**III.   CONCLUSION**

Based on the foregoing, I recommend that the Court GRANT in part and DENY in part Mr. Talmo's Motion for Attorney's Fees, and award him $5,014.63 in fees, plus $400.00 in costs, under the EAJA. Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

**IV.   NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report, and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: October 5, 2015                                     /s/
                                                                        Stephanie A. Gallagher
                                                                        United States Magistrate Judge