CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 23, 2018

LETTER TO COUNSEL

RE: *Frank Talmo v. Commissioner, Social Security Administration*;[1]
Civil No. SAG-14-2214

Dear Counsel:

Frederick A. Raab, Esq. has filed a motion for attorneys' fees pursuant to the Social Security Act, 42 U.S.C. § 406(b), in conjunction with his representation of Frank Talmo (and his surviving beneficiaries) before this Court. [ECF No. 29]. In response, the Social Security Administration ("SSA") opposed the motion as untimely. [ECF No. 37]. Mr. Raab then filed a reply. [ECF No. 40]. I have considered those filings, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons set forth below, Mr. Raab's motion for attorney's fees is GRANTED.

In this case, according to an affirmation submitted by the out-of-state attorney performing most of the work on this case, Charles E. Binder, Esq., Mr. Talmo's surviving beneficiaries were awarded past due benefits in the total amount of $133,931.00. [ECF No. 29-2 ¶ 14]. Twenty-five percent of that amount would be $33,482.75.[2] *Id.* Mr. Raab's motion reflects that counsel only seek a fee award of $18,750.00, despite the fact that they would be contractually entitled to request a higher fee. Counsel have not received any attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), because the previously awarded EAJA fees were completely offset to satisfy Mr. Talmo's pre-existing federal debt. [ECF No. 29-1].

The SSA opposes Mr. Raab's motion, arguing that it was not timely filed. However, the SSA cites a now-superseded version of this Court's Local Rules in making its timeliness argument. [ECF No. 37 at 2]. The current version requires the attorney to seek fees "within thirty (30) days of the date of the Notice of Award letter sent to the claimant and the attorney at the conclusion of the Social Security Administration's past-due benefit calculation." Loc. R. 109.2.c (D. Md. 2016). The revised Local Rule permits an attorney to receive SSA's calculation

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

[2] The Social Security Act authorizes a reasonable fee for successful representation before this Court, not to exceed twenty-five percent of a claimant's total past-due benefits. 42 U.S.C. § 406(b).

of past-due benefits and withheld fees prior to seeking an award, since the attorney requires that information to file an appropriate (and lawful) request. In this case, the paperwork sent to the Talmos did not include a standard "Notice of Award," which includes a backpay calculation and the calculation of 25% of benefits, which is typically withheld for a possible award of fees. Instead, in this case, the SSA withheld only $6000.00, instead of the $33,482.75 that it now admits it should have withheld. [ECF No. 29-6]. The SSA's failure to abide by its standard procedures should not deprive counsel of an opportunity to recover appropriate fees. Here, the SSA sent its first correspondence identifying the amount of back pay and the calculation of 25% of that amount on August 22, 2017, (ECF No. 29-6), and Mr. Raab filed his fee petition well within thirty days, on September 5, 2017, (ECF No. 29). Thus, the request was timely.

Turning to the merits of the petition, although contingent fee agreements are the "primary means for by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In this case, counsel and Mr. Talmo entered into a contingent fee agreement, by which Mr. Talmo agreed to pay counsel twenty-five percent of all retroactive benefits to which he might become entitled. [ECF No. 29-3]. Mr. Talmo's counsel submitted an itemized report documenting the 29.0 hours counsel expended before this Court in his case. [ECF No. 29-5]. Three attorneys billed time to the case, all of whom have at least twenty years of relevant legal experience. [ECF No. 21-2]. Dividing the requested fee of $18,750.00 by the 29.0 hours billed results in an average hourly rate of $646.55, which is somewhat above the hourly rate that is presumptively reasonable for attorneys of their experience level pursuant to the guidelines appended to the Local Rules of this Court.[3] However, courts in the Fourth Circuit have approved contingency fee agreements that produce much higher hourly rates in successful Social Security appeals. *See, e.g.*, *Melvin v. Colvin*, No. 5:10-CV-160-FL, 2013 WL 3340490, at *2 (E.D.N.C. July 2, 2013) (approving contingency fee agreement with hourly rate of $1,043.70); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833 (S.D.W. Va. 2003) (approving contingency fee agreement with hourly rate of $1,433.12); *Lehman v. Colvin*, Civil No. SAG-12-2160 (D. Md. July 7, 2016) (unpublished) (approving contingency fee agreement with hourly rate of $1,028.14). Thus, the requested fee in this case is reasonable and should be approved.

For the reasons set forth herein, Mr. Raab's motion for attorneys' fees, (ECF No. 29), will be GRANTED for $18,750.00. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

---

[3] Although they do not govern Social Security cases, the Local Rules prescribe guidelines for determining attorneys' fees in certain cases, which are instructive in evaluating the reasonableness of the effective hourly rate in this case. *See* Loc. R. App'x B (D. Md. 2016). For attorneys admitted to the bar for twenty years or more, the presumptively reasonable hourly rate is between $300.00 and $475.00 per hour. *Id.*

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge